UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

NIELSEN ENTERPRISES MD, LLC;
BRIAN K. NIELSEN; TERESA R.
NIELSEN,

       *Plaintiffs-Appellants,*

       v.

U.S. BANK TRUST NATIONAL
ASSOCIATION; METROPOLITAN
BANK AND TRUST COMPANY,

       *Defendants-Appellees.*

COMPASS CAPITAL CORPORATION;
BARRY C. SMITH,

       *Movants.*

No. 02-1384

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, Chief District Judge.
(CA-00-2595-L)

Submitted: January 3, 2003

Decided: February 3, 2003

Before WILLIAMS and MICHAEL, Circuit Judges, and
Morton I. GREENBERG, Senior Circuit Judge of the
United States Court of Appeals for the Third Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David F. Albright, ALBRIGHT & GOERTEMILLER, L.L.C., Baltimore, Maryland, for Appellants. Lawrence J. Gebhardt, Dale S. Betterton, GEBHARDT & SMITH, L.L.P., Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Nielsen Enterprises appeals the district court's grant of summary judgment in U.S. Bank Trust's favor on Nielsen Enterprises' claim that U.S. Bank Trust is liable for the fraud of its agent and on Nielsen Enterprises' claim that U.S. Bank Trust breached the covenant of good faith and fair dealing. We have reviewed the parties' briefs and the record and find no reversible error.

As to the fraud claim, U.S. Bank Trust's agent had no actual authority to collect the loan origination fee of which Nielsen Enterprises complains. Further, we agree with the district court that as an undisclosed principal, U.S. Bank Trust could not clothe its agent with apparent authority to collect the fee. *See* Restatement (Second) of Agency § 8, cmt. a (1958) ("[T]here can be no apparent authority created by an undisclosed principal."); *cf. Parker v. Junior Press Printing Serv., Inc.*, 296 A.2d 377, 380 (Md. 1972) ("[A]pparent authority to do an act is created as to a third person by written or spoken words or any other conduct *of the principal* which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." (emphasis added)). Moreover, U.S. Bank Trust did not ratify its agent's actions because U.S. Bank Trust did not receive any benefit from the loan origination fee and, in fact, did not know about the loan

origination fee until after Nielsen Enterprises went into default. Accordingly, this claim fails.

Nielsen Enterprises' claim of bad faith stems from the same loan origination fee. Nielsen Enterprises alleges that U.S. Bank Trust acted in bad faith by retaining the loan origination fee and thereby ratifying the actions of its agent. As discussed above, we agree with the district court that U.S. Bank Trust did not ratify the acts of its agent. Moreover, Maryland does not recognize an independent cause of action for breach of the covenant of good faith and fair dealing. *Wootton Enters., Inc. v. Subaru of Am., Inc.*, 134 F. Supp. 2d 698, 703 n.5 (D. Md. 2001) ("Maryland courts have not explicitly recognized a separate cause of action relating to this duty [of good faith and fair dealing]." (internal quotation marks omitted)); *see also Parker v. Columbia Bank*, 604 A.2d 521, 531 (Md. Ct. Spec. App. 1992) ("[T]he duty of good faith merely obligates a lender to exercise good faith in performing its contractual obligations; it does not obligate a lender to take affirmative actions that the lender is clearly not required to take under its loan documents."). As Nielsen Enterprises does not allege that U.S. Bank Trust breached any of its contractual obligations, we reject this claim.

Accordingly, we affirm on the reasoning of the district court. *See Nielsen Enters. v. U.S. Bank Trust Nat'l Assoc.*, Civ. No. L-00-2595 (D. Md. filed Sept. 21, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*